# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALTHEA SLAPPEY,

    Plaintiff,

v.

Case No. 08-14379
Hon. Lawrence P. Zatkoff

CITIMORTGAGE, INC. and
ABN-AMRO,

    Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 15, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff filed her *pro se* complaint in this matter on October 15, 2008. The action was styled as a removal from state court but appeared to be an original proceeding. The Court construed the document liberally but failed to discern a cognizable legal claim within its jurisdiction. Instead, the document appeared to attack the validity of a state-court judgment and Defendants' actions in foreclosing Plaintiff's mortgage, evicting her from her home, and auctioning the home pursuant to said judgment. On November 21, 2008, the Court issued Plaintiff an Order to Show Cause [dkt 5] as to why this matter should not be dismissed for want of federal jurisdiction. Plaintiff submitted her response on December 5, 2008, largely repeating her allegations that Defendants' actions were illegal and unconstitutional.

## II. ANALYSIS

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 4954617 WL, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 4648123 WL, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Although Plaintiff's claims mainly target Defendants' actions, as opposed to the state court's decision, the Court finds that these issues are "so inextricably intertwined with the state court proceedings that a determination regarding those issues would invariably call into question the validity of the state court's judgment." *Berry*, 2008 4648123 WL, at *2. As such, these claims should be dismissed.

Regarding Plaintiff's claim that Defendants' actions were "unconstitutional," Plaintiff has not presented any facts evidencing a constitutional violation, nor identified which part of the Constitution she believes was violated. Furthermore, her response fails to distinguish how any such claim evades the application of the *Rooker-Feldman* doctrine.

The Court must dismiss any action if subject-matter jurisdiction is found to be lacking. *See* Fed. R. Civ. P. 12(h)(3). Under the *Rooker-Feldman* doctrine, the Court is barred from reviewing the claims regarding the state court's judgment and Defendants' actions pursuant thereto. The Court is unable to extract any alternate basis for jurisdiction in this matter. Therefore, Plaintiff's remedy lies with the appellate procedures of the state courts.

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. This Order dispenses of all claims in this matter and closes the case.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 15, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290